IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

JANOS DRAVECZ,

        Plaintiff,          Civil Action No.
                                    9:11-CV-1382 (TJM/DEP)

   v.

BRIAN FISCHER, Commissioner, *et al.*,

        Defendants.

---

APPEARANCES:                      OF COUNSEL:

FOR PLAINTIFF:

JAMES DRAVECZ, *Pro Se*
10-A-3013
Bare Hill Correctional Facility
Caller Box 20
Malone, NY 12953

FOR DEFENDANTS:

HON. ERIC T. SCHNIEDERMAN    KRISTA ROCK, ESQ.
Attorney General of the           Assistant Attorney General
State of New York
The Capitol
Albany, NY 12224-0341

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

Plaintiff, a former New York state prison inmate who was released from custody on or about April 11, 2012, and whose whereabouts are not currently known to the court, has commenced this action pursuant to 42 U.S.C. § 1983 claiming deprivation of his civil rights. Plaintiff's complaint alleges that his constitutional rights were violated when he was required to take an Aggression Replacement Training ("ART") final examination in English, rather than in Hungarian, his native language, resulting in a loss of good time credits and extension of his maximum release date.[1] As relief, plaintiff seeks an award of damages in the amount of $10 million dollars against each of the named defendants, including the Commissioner of the New York State Department of Corrections and Community Supervision ("DOCCS"), as well as the Superintendent and Deputy Superintendent of the prison facility in which he was housed at the relevant times.

Currently pending before the court is a motion by the defendants for dismissal of plaintiff's claims on a variety of grounds. Plaintiff has not

---

[1] It appears that in his complaint plaintiff also alleges that prison officials at the facility in which he was incarcerated at the relevant times failed to provide him with proper medical treatment for prostate cancer.

2

responded to that motion.

The court has learned that Dravecz was released from prison earlier this year. Despite this change to circumstances, however, he has failed to comply with this court's requirement that he notify the court and counsel of his apparent change of address. In light of this failure, I recommend that plaintiff's complaint be dismissed, without addressing the merits of defendants' unopposed motion.

I.     BACKGROUND

Plaintiff commenced this action on November 23, 2011. Dkt. No. 1. Upon review of plaintiff's complaint and accompanying motion for leave to proceed *in forma pauperis* ("IFP"), Senior District Judge Thomas J. McAvoy issued an order, dated January 31, 2012, granting plaintiff's IFP application, dismissing plaintiff's good time credit loss claim as improperly asserted under section 1983, denied plaintiff's motion for a preliminary injunction, and denied his application for appointment of counsel, without prejudice. Dkt. No 6.

In response to plaintiff's complaint defendants moved on April 5, 2012 for dismissal of his remaining claims. Dkt. No. 16. Despite the fact that the time for responding to defendants' motion has passed, plaintiff

has submitted no papers in opposition to that motion.

On or about May 3, 2012, the court was alerted to the fact that the plaintiff has been released from DOCCS custody when a communication sent by the court and addressed to the plaintiff at the Bare Hill Correctional Facility was returned with a notation "not here return to sender". Dkt. No. 17. A follow-up investigation conducted within my chambers, utilizing publicly-available information contained within the DOCCS inmate locator database, confirmed plaintiff's release from prison on or about April 11, 2012.[2] Despite this change in circumstances, plaintiff has submitted nothing to the court to indicate a current address where he can be reached for purposes of communications from the court.[3]

## II.   DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, order dismissal of an action based on a plaintiff's failure to prosecute his or her claims. Fed. R. Civ. P. 41(b); *Link*

---

[2] This is consistent with plaintiff's complaint, in which he asserts that because of the actions of the defendants of which he now claims, his release date was adjusted from November 4, 2011 to April 11, 2012. *See* Complaint (Dkt. No. 1) p. 5-9.

[3] In his complaint plaintiff intimates that upon his release from prison he was to have been deported back to his native country of Germany. *See* Complaint (Dkt. No. 1) p. 5-9.

*v. Wabash RR Co.*, 370 U.S. 626, 629-33, 82 S. Ct. 1386, 1388-90 (1962); *Williams v. Faulkner*, No. 95-CV-741, 1998 WL 278288, at *2 (N.D.N.Y. May 20, 1998) (Pooler, J. and Scanlon, M.J.); *Moshier v. Trabout*, No. 96-CV-1666. 1998 WL 167298, at *1 (N.D.N.Y. Apr. 2, 1998) (Pooler, J. and Hurd, M.J.); *see also* N.D.N.Y.L.R. 41.2(b).  That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases."  *Link*, 370 U.S. at 630-31, 82 S. Ct. at 1389; *Williams*, 1998 WL 278288, at *2; *Moshier*, 1998 WL 167298, at *1.

For reasons which are evident *pro se* litigants, like other parties, are under a continuing duty pursuant to this court's local rules to inform the court of an address where communications concerning a pending action may be sent, and of any changes in that address; failure to comply with this meaningful requirement can result in dismissal of the action for failure to prosecute.[4]  N.D.N.Y.L.R. 10.1(b), 41.2(b); *Williams*, 1998 WL 278288, at *2; *Moshier*, 1998 WL 167298, at *1-*2.  In this instance, the plaintiff

---

[4]     Local Rule 10.1(b) provides that "[a]ll attorneys of record and pro se litigants must immediately notify the Court of any change of address."  N.D.N.Y.L.R. 10.1(b).  The court's local rules also caution that a litigant's failure to notify the court of a change in address in accordance with Local Rule 10.1(b) could result in the dismissal of his or her pending action.  *Id.* 41.2(b).

5

was made aware of the court's requirement concerning address changes in the court's January 1, 2012 order which provided, in relevant part, that "[p]laintiff is . . . required to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in [his] address; his failure to do this may result in the dismissal of this action."  Dkt. No. 6 at p. 12.

Because plaintiff has failed to notify the court of his change of address, following his release from prison, despite having been pointedly reminded of the requirement that he do so, I recommend dismissal of his complaint for failure to fulfill his burden of diligently prosecuting the action and to update his address with the court.  Fed. R. Civ. P. 41(b); N.Y.N.D.L.R. 10.1(b), 41.2; *Link*, 370 U.S. at 633, 82 S. Ct. at 1390; *see also*, *e.g.*, *Williams*, 1998 WL 278288, at *1-*2; *Moshier*, 1998 WL 167298, at *1-*2.

III.   SUMMARY AND RECOMMENDATION

As a result of plaintiff's release from prison, coupled with his failure to apprise the court of that fact and to provide an updated address, his current whereabouts are unknown.  This case obviously cannot proceed without notice to the court and defendants' counsel of a valid and current address for use in communicating with the plaintiff.  Based upon his failure

to provide such an address, it is hereby respectfully

RECOMMENDED, that plaintiff's complaint in this action be DISMISSED.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

David E. Peebles
U.S. Magistrate Judge

Dated: September 5, 2012
Syracuse, NY